UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN ALEXANDER Z.L.,[1]<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-05912-TLN-SCR<br>A# 240-216-920<br>**RELEASE ORDER** |

This matter is before the Court on Petitioner Marvin Alexander Z.L.'s[2] ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order ("TRO") (ECF No. 2). Respondents filed an opposition. (ECF No. 6.) For the reasons set forth below, Petitioner's habeas petition is GRANTED and his Motion for TRO is DENIED as moot.

---

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] While the caption of the Petition for Writ of Habeas Corpus lists the Petitioner as "Marvin Alexander [Z.L.]", the body of the Petition refers multiple times to "Jose Luis Reverol Maldonado". (ECF No. 1.) Complicating the matter still further, the petition states that "[t]here is a significant discrepancy in the Government's records" and lists three A-Numbers that are allegedly associated with Petitioner's immigration case, including one which does indeed correspond to Jose Luis Reverol Maldonado. (*Id.* at 5–6.) Given that the records attached to the Petition, including tax filings, all refer to "Marvin Alexander [Z.L.]" it appears that all references to "Jose Luis Reverol Maldonado" are in error, and the Court disregards them.

## I. FACTUAL AND PROCEDURAL BACKGROUND[3]

The instant matter arises from Petitioner's allegedly unlawful detention by immigration authorities. (ECF No. 1.)

Petitioner first entered the United States at Eagle Pass, Texas on January 29, 2022, and was detained by U.S. Border Patrol agents. (ECF No. 6 at 5.) He was released on his own recognizance and issued a Notice to Appear. (*Id.* at 6.) After his release, Petitioner traveled to Florida and began working in construction. (ECF No. 1 at 16–17.) Petitioner's mother is a United States citizen and also lives in Florida. (*Id.* at 17.) Petitioner lives with his partner and helps to care for her minor daughter. (*Id.*) His friends and family submitted letters in support of him, praising his character and contributions to his community. (*Id.* at 106, 109, 135–139.)

Local police arrested Petitioner on June 28, 2026, on one charge of misdemeanor domestic battery, which remains pending. (*Id.* at 18.) He was remanded to the custody of U.S. Immigration and Customs Enforcement ("ICE") and was held at detention centers in Florida before being transferred to Central Valley Annex Detention Facility. (*Id.*) An immigration judge determined that she lacked jurisdiction to hold a bond hearing pursuant to *Matter of Yajure Hurtardo*, 29 I&N Dec. 216 (BIA 2025) and, accordingly, Petitioner has never received a bond hearing. (*Id.* at 19.)

Petitioner filed the instant Petition for Writ of Habeas Corpus on July 28, 2026, challenging the lawfulness of his detention. (*Id.* at 1.)

## II. STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

[3] These facts are either set forth in records provided by Respondents or are not disputed by them.

Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. Analysis

Petitioner challenges his continued detention without notice or a hearing as violating the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. (ECF No. 1 at 6–13.) In opposition,[4] Respondents contend Petitioner is an "applicant for admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)"). (ECF No. 6 at 1.) However, they concede that "Petitioner is . . . entitled to seek a custody redetermination hearing before an immigration judge." (*Id.* at 2.)

As to Petitioner's statutory claim, the Ninth Circuit has confirmed Respondents' interpretation of § 1225(b)(2) is incorrect. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a) ("1226(a)"). *Id.* at *3.

Section 1226(a) provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022). Petitioner was denied the process owed to

[4] On July 29, 2026, the Court ordered Respondents to file an opposition to the Petition for Writ of Habeas Corpus within two court days. (ECF No. 4.) Respondents filed an untimely opposition on August 3, 2026. (ECF No. 6.) Nevertheless, the Court accepts counsel's "apology[y] for the tardiness of this response" (*Id.* at 1) and exercises its authority pursuant to Local Rule 230(c) to accept the late filing. E.D. Cal. L.R. 230(c) ("A failure to file a timely opposition *may* also be construed by the Court as a non-opposition to the motion.") (emphasis added).

those subject to § 1226(a). Respondents therefore violated the INA in Petitioner's detention.

As to Petitioner's constitutional claim, the Court finds Petitioner possesses a protected liberty interest and was denied the process necessary to ensure any deprivation of that interest accords with the Constitution. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The record in this case establishes that Petitioner developed a clear interest in his continued freedom protected by the Due Process Clause during his time living freely prior to his current detention. Even if he is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due Process Clause. *See Hernandez v. Sessions*, 872 F.3d 976, 997 (9th Cir. 2017); *Zadvydas*, 533 U.S. at 693.

Upon consideration of the three factors set forth in *Mathews v. Eldridge*, the Court finds Petitioner was owed notice and a hearing before a neutral decisionmaker to determine whether his detention is justified. 424 U.S. 319, 335 (1976); *see Julio Fernando R.P. v. Andrews*, No. 1:26-CV-05547-TLN-CSK, 2026 WL 2137758, at *2 (E.D. Cal. July 24, 2026) (analyzing the *Mathews* factors and finding similarly).

First, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the government's actions detaining him. Second, the risk that Petitioner is being erroneously deprived of his liberty is considerable. Respondents do not argue Petitioner is a danger or a flight risk, there is no indication on the record to suggest he has criminal history beyond a single arrest for a misdemeanor offense, Petitioner has demonstrated ties to his community in the United States, and he has received virtually no procedural safeguards to ensure his detention is justified. *See Zadvydas*, 533 U.S. at 690 (noting that because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh an individual's protected liberty interest for his detention to comport with due process). Third, the government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low as the effort and cost required to provide procedural safeguards are minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Respondents set forth no legitimate interest in detaining Petitioner absent procedural protections.

Respondents highlight the fact of Petitioner's arrest for mismdemeanor domestic battery.

(ECF No. 6 at 1.) But Respondents fail to develop any substantive argument regarding why Petitioner's criminal history places him within § 1225(b)(2) or justifies his imprisonment without a hearing. As discussed above, Petitioner has strong community ties in the United States, which significantly lowers his risk of flight. With respect to Petitioner's criminal history, on the record before the Court, Petitioner has only sustained a single arrest for a misdemeanor charge. In weighing the risk of erroneous deprivation, the Court also takes into account a letter from Petitioner's partner in which she states that he "has never been a danger to me . . . or the community" and describes the incident that gave rise to the arrest as "a misunderstanding" for which she did not wish to press charges. (ECF No. 1 at 103.) The Court is not convinced that this arrest establishes a significant risk of danger to the community sufficient to overcome Petitioner's liberty interest. *See Zadvydas*, 533 U.S. at 690 (noting that because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh an individual's protected liberty interest for his detention to comport with due process).

Thus, upon consideration of the *Mathews* factors, the Court finds due process requires that Petitioner receive notice and a hearing before a neutral decisionmaker prior to detention. Petitioner received neither. Petitioner's detention therefore violates the Fifth Amendment Due Process Clause.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.)

1. Respondents must IMMEDIATELY RELEASE Petitioner Marvin Alexander Z.L. (A# 240-216-920) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. **Respondents must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation

hearing before a neutral factfinder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate flight risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is DENIED as moot.

**4. The Clerk of Court is directed to serve Central Valley Annex Detention Facility with a copy of this Order.**

5. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: August 4, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE